**CAMPBELL AND COOMBS, P.C.**
1811 S. Alma School Road, Suite 225
Mesa, Arizona 85210
(480) 839-4828 - Telephone
(480) 897-1461 - Facsimile

Scott H. Coombs
State Bar No. 006843
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>*CHRISTINA L. NGUYEN* and HUNG PHI NGUYEN,<br><br>    Debtor. | Chapter 13 Proceeding<br><br>Case No. 2:08-bk-14752-PHX-CGC |
| *CHRISTINA L. NGUYEN* and HUNG PHI NGUYEN,<br><br>    Plaintiff<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>    Defendant. | Adversary No. 2:10-ap-00054-CGC |

**COMPLAINT**

    Plaintiffs, Christina L. Nguyen and Hung Phi Nguyen, by and through their attorney, Scott H. Coombs, hereby state for their complaint as follows:

    1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a), 11 U.S.C. § 1123(b)(5) and Rule 7001 et seq. Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157 § (b)(2)(B), and 157 (b)(2)(K).

    2. Plaintiffs resides in Maricopa County, Arizona and is the Debtor in the above captioned Chapter 13 Proceeding.

    3. Defendant, Bank of America, National Association, upon information and belief, is licensed

1  to do, write and make residential mortgage loans in the State of Arizona.

2      4. Plaintiff filed a voluntary Chapter 13 petition on October 22, 2008 in the District of Arizona
3  Case No. 2:08-bk-14752-PHX-CGC.

4      5. Plaintiff, at the time of the filing of their case, was the owner of certain real property located
5  at 3194 E. Mead Drive, Chandler, Arizona, 85249 (the "Property") with a legal description as follows:

> LOT 128 OF BROOKS RANCH, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF
> THE COUNTY RECORDER OF MARICOPA COUNTY, IN BOOK 603 OF MAPS, PAGE 23.

    6. The Plaintiffs believe that the Property is worth $313,000.00 based on zillow.com values as of the date Plaintiffs filed their case.

    7. The Property is subject to a first mortgage lien in favor of Bank of America, N.A. which was dually recorded. The payoff to Bank of America, N.A. for the first mortgage as of the date of filing was $359,427.19.

    8. The Property is also subject to a second mortgage lien in favor of the Defendant which was recorded on June 23, 2006.

    9. Plaintiff asserts that after applying the first mortgage lien of Bank of America, N.A. that there is no equity remaining for which Bank of America, National Association second mortgage lien can attach to.

| | |
|---|---|
| Value of the Property | $313,700.00 |
| Less: First Mortgage Lien | $359,427.19 |
| Available Equity for Second Lien | ($45,727.19) |

    10. Plaintiff asserts that pursuant to 11 U.S.C. §§506(a)(1) and 506(d), Defendant's claim is totally unsecured and its lien (Deed of Trust) upon the Debtors' real property is void.

**WHEREFORE,** Plaintiff prays that this Court find in favor of the Plaintiff and Order the following:

    a.    That there is insufficient equity for Defendant's second mortgage lien to attach and that Defendant's second mortgage lien is totally unsecured and void.

b. That this Court order the Defendant to cancel and release the second mortgage lien on the residential real estate of the Debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver a copy of the release to the attorney for the Debtors within 20 days form the date of the discharge at no charge or fee for the release and delivery.

c. That the Order of this Court may be recorded and the same shall have the effect of voiding the lien on the public records.

d. That Plaintiff recovers any relief that this Court deems justified and appropriate.

RESPECTFULLY SUBMITTED 10th day of January, 2010.

CAMPBELL & COOMBS, P.C.


By: /s/ Scott H. Coombs
    Scott H. Coombs
    Attorney for Movant